### The A. H. Jennie.[1]

*(District Court, N. D. New York. October 4, 1886.)*

SEAMEN—WAGES—CONTRACT OF SHIPMENT—CONFLICTING EVIDENCE.

When the contract of shipment is in parol, the court will, as between several versions, adopt the one that is most consistent with common sense and with the preponderance of testimony.

In Admiralty.

The libelant, on the twenty-eighth of April, 1886, shipped as fireman on the steam-barge A. H. Jennie, a Canadian vessel, and, with the exception of three or four days, remained on board until the twenty-sixth of June, 1886. He alleges that he was to receive for his services as fireman $18 for the first month, and $24 thereafter; that on the fifth of June, 1886, he was made second engineer, which position he filled until the twenty-sixth of June, when he was discharged; that for his services as engineer he was to receive $30 per month, the usual wages. The respondent's version of the agreement is that the libelant was to receive $12 for the first month, and $15 thereafter, *pro rata* deduction to be made for the time he was absent from his post. The agreement was oral. The libelant admits that he received $10, and it is undisputed that $15.50 was tendered to him on the twenty-sixth of June. That he subsequently received and retained this amount is not denied. He received in all $25.50. Within a day or two after he left the barge, and without warning or notice of the nature of his claim, the libelant caused her to be seized at the port of Buffalo, and there detained until her master procured the necessary bond for her release.

*Martin Clark*, for libelant.

*G. S. Potter*, for respondent.

COXE, J. I have carefully examined the testimony presented, and am convinced that the libelant cannot recover. His account of the transaction between himself and the master of the barge is wholly unsupported, and is inherently improbable. The respondent's version, on the contrary, besides being in accordance with common sense, is corroborated, in its principal features, by five witnesses.

The libelant was a young man 21 years of age. He had been a mason's tender, and had done "a little of everything." He had never before been upon a vessel. He had never touched a marine engine, and his knowledge of steam-power generally was confined to a threshing-machine and a saw-mill. That a careful master would employ such a person, without any previous knowledge of his capacity, and agree to pay him, after the first month, the wages received by experienced hands, and in about five weeks promote him to the posi-

---

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

tion of second engineer, with no agreement as to the amount of his wages in the new position, is possible, but it is not probable. But when, in addition, it is remembered that libelant's story is overthrown by the great weight of evidence, the court has no alternative but to reject it altogether.

After making the proper deductions for the time the libelant was absent from the barge, he has received all that he is entitled to. The occurrence on the twenty-sixth of June, if not a payment, amounted, at least, to a tender of the sum due. The respondent's rights can in no way be affected by the fact that the libelant handed the money to the engineer. That the engineer subsequently paid it back to the libelant is undisputed.

Both parties are British subjects. They reside at the same place. The Canadian courts were open for the settlement of this trivial dispute.

The evidence fails to show any justification of the libelant's conduct in "tying up" the barge in a foreign port, where her master was a comparative stranger, and could in all probability procure her release with less expense and annoyance by paying the claim than in any other way. The presumption is a strong one that the libelant was actuated by other motives than a desire to collect an honest debt. Though the courts are zealous always in guarding the rights of seamen in every meritorious demand, the libelant, as shown by this record, is beyond the pale of such protection.

The libel is dismissed, with costs.